IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCO MALDONADO, #CE-4361** : <br> Petitioner : <br> : <br> v. : <br> : <br> **WARDEN, SCI GRATERFORD, THE** : <br> **DISTRICT ATTORNEY OF THE** : <br> **COUNTY OF PHILADELPHIA; and,** : <br> **ATTORNEY GENERAL,** : <br> **COMMONWEALTH OF** : <br> **PENNSYLVANIA** : <br> Respondents. : | CIVIL ACTION <br><br> NO.  06-1203 |

ORDER AND MEMORANDUM

O R D E R

**AND NOW**, this 8th day of February, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, the Response thereto, and the Traverse to the Response, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated November 30, 2006, and the Objections to Report and Recommendation of Magistrate Judge, **IT IS ORDERED** as follows:

    1.  The Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated November 30, 2006, is **APPROVED** and **ADOPTED**;

    2.  Petitioner's Objections to Report and Recommendation of Magistrate Judge are **OVERRULED**;

    3.  The Petition for Writ of Habeas Corpus filed by Marco Maldonado pursuant to 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE WITHOUT AN EVIDENTIARY HEARING**; and,

4. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

## MEMORANDUM

I.   BACKGROUND

Petitioner was charged with capital murder, involuntary manslaughter, burglary, theft, robbery, multiple violations of the Uniform Firearms Act, criminal trespass, and possessing an instrument of crime for the December 23, 1992, home invasion of 72 year-old Alberto Gonzalez and Gonzalez's death in his bedroom. The facts and procedural history are set forth in detail in the Report and Recommendation of Magistrate Judge Arnold C. Rapoport and will not be repeated in this Memorandum.

The case was referred to Magistrate Judge Rapoport by Order dated March 27, 2006. On November 30, 2006, Magistrate Judge Rapoport filed a Report and Recommendation in which he recommended that the Petition for Writ of Habeas Corpus be denied with prejudice and dismissed without an evidentiary hearing. Petitioner filed Objections to the Report and Recommendation, in which he raised three issues:

1. The Magistrate Judge erred in rejecting petitioner's allegation that plea counsel said petitioner would be eligible for parole in eight years if he pled guilty to second-degree murder.

2. The Magistrate Judge erred in rejecting petitioner's claim that plea counsel failed to conduct an adequate pretrial investigation.

3. The Magistrate Judge erred in rejecting petitioner's claim that plea counsel was ineffective for failing to file a motion to withdraw the guilty plea.

This Memorandum addresses the issues presented in the Objections.

## II.  APPLICABLE LAW

### A.  Standard of Review for Report and Recommendation of Magistrate Judge

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c). Accordingly, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objection is made.

### B.  Standard of Review in Habeas Cases

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2). With respect to 28 U.S.C. § 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides

3

a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court in *Williams* was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. *Id.* at 406-08. *See also Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (*en banc*) (to prove entitled to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome") (emphasis in original), *cert. denied*, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. *Id. See also Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent), *cert. denied*, 532 U.S. 980 (2001).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted.

4

*Campbell v. Vaughn*, 209 F.3d 280, 290-91 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    **C.**    **Standard for Ineffective Assistance of Counsel**

Several of petitioner's claims allege ineffective assistance of counsel. Before the court addresses the specifics of these claims, the court will first review the standards used to evaluate an ineffective assistance claim.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under the *Strickland* test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. *Id.* at 688-96. To satisfy the first prong of the *Strickland* test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound

5

trial strategy.' " *Id*. (citation omitted).

To satisfy the second prong of the *Strickland* test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *United States v. Fulford*, 825 F.2d 3, 9 (3d Cir. 1987).

Where, as in the instant case, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1). As the Supreme Court recently stated:

> If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.' 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

*Yarborough v. Gentry*, 540 U.S. 1, 4 (2003) (*per curiam*) (citations omitted).

### III.    DISCUSSION

The substance of the three objections presented by petitioner was addressed in detail in the Report and Recommendation. This Court will now analyze each objection in turn.

1. The Magistrate Judge erred in rejecting petitioner's allegation that plea counsel said petitioner would be eligible for parole in eight years if he pled guilty to second-degree murder.

Regarding the objection that counsel said that petitioner would be eligible for parole in eight years, the Magistrate Judge quoted extensively from the record and the decision of the

Superior Court affirming the dismissal of the PCRA petition. Specifically, the Report and Recommendation notes that plea counsel testified at the PCRA hearing that he never told defendant that he would be eligible for parole in eight years, and rejected that claim. *See* Tr. Aug. 3, 1995, at 9; Tr. Feb. 25, 2004, at 20-22, 47. At the close of the PCRA hearing, that court ruled that the ". . . PCRA was to be dismissed because the defendant is not credible and [plea counsel] was telling the truth." *Commonwealth v. Maldonado*, No. 2185, slip op. at 6 (Pa. Ct. Comm. Pl. Oct. 4, 2004). The PCRA judge specifically found that "the defense allegation of misleading the defendant to a plea [by stating that he would be eligible for parole in eight years if he pled guilty to second degree murder] is without merit." *Id.* at 8.

The Superior Court affirmed the PCRA court's dismissal of the PCRA petition, noting the trial court's extensive colloquy of petitioner and the PCRA court's rejection of petitioner's allegation of misrepresentation as incredible. On this issue, the Superior Court stated:

> The PCRA court specifically rejected Appellant's assertion that plea counsel advised him that he could be paroled on the life sentence in eight years and that plea counsel induced the guilty plea by instructing Appellant that he would be given the death penalty if he proceeded to trial, finding counsel's testimony that he made no such representations credible, and Appellant incredible. This Court will not disturb the PCRA court's credibility determination. *See Commonwealth v. Abu-Jamal,* 553 Pa. 485, 514-15, 720 A.2d 79, 93 (1998); *Commonwealth v. Howard,* 749 A.2d 941, 946 (Pa. Super. 2000).

*Commonwealth v. Maldonado*, 876 A.2d 466 (Pa. Super. 2005).

This Court cannot grant the habeas petition on this issue which was adjudicated on the merits in state court unless the decision of the state court was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court concludes that the state court decision, accepted by the Magistrate Judge, did not result in a decision that was contrary to, or involved an unreasonable application of, such clearly established federal law and, more relevant to this case, the decision of the Superior Court was not based on an unreasonable determination of the facts in light of the evidence presented. Thus, habeas relief on this issue is denied.

      2. The Magistrate Judge erred in rejecting petitioner's claim that plea counsel failed to conduct an adequate pretrial investigation. With respect to this objection, petitioner argued that plea counsel "was not able to give any specifics about the frequency, location or time of meetings with" petitioner; that plea counsel failed to contact character witnesses whose names were provided by petitioner; and that plea counsel failed to develop a defense of voluntary intoxication to first-degree murder. *See* Mem. Law Supp. Pet. Writ of Habeas Corpus at 22-24; *see also* Objections at 11-12 (same).

      Regarding the inadequate pretrial investigation arguments, the Magistrate Judge quoted extensively from the record and the decision of the Superior Court affirming the dismissal of the PCRA petition, where that court stated:

> In addition, Appellant contends that his plea counsel did not conduct an adequate and reasonable pretrial investigation. At the PCRA hearing, plea counsel testified that he conducted an investigation and was prepared to proceed to trial but discussed with Appellant the possibility that he would be given the death penalty if convicted of first degree murder. Thus, the record belies Appellant's position.

*Maldonado*, 876 A.2d 466; *see also* Tr. Aug. 3, 1995, at 10; Tr. Feb. 25, 2004, at 16-17.

      On this issue, it is petitioner's burden to prove that plea counsel was ineffective. At the

PCRA hearing, the Commonwealth called plea counsel as a witness, and he directly refuted petitioner's claims. As to the claim that plea counsel did not adequately meet and discuss the case with petitioner, plea counsel testified that he and petitioner "had lengthy conversations" and discussed petitioner's options, the available evidence, all of the potential defenses, and the potential outcomes of a trial or guilty plea. Tr. Aug. 3, 1995 at 7-8, 12-15, 20; Tr. Feb. 25, 2004, at 35-37. As to petitioner's assertion that plea counsel failed to contact character witnesses, plea counsel testified that he had no recollection of being given a list of character witnesses by petitioner, and that if he were given such a list, plea counsel would have told petitioner "with his *crimen falsi* background and with [the available evidence] that character evidence could be used but would have a number of issues attached to using it that would not have been beneficial" to petitioner. Tr. Feb. 25, 2004 at 9-11, 37-38. As to petitioner's assertion that plea counsel failed to develop a defense of voluntary intoxication, plea counsel testified that he discussed all of the possible defenses with petitioner, and had no recollection of voluntary intoxication being a potential defense. *Id.* at 29-32, 35-36.

      This Court rejects petitioner's argument with respect to an alleged inadequate investigation - it cannot say that the decision of the state court on the investigation issue resulted in a decision that was based on an unreasonable determination of the facts. Thus, the habeas petition is denied with respect to this issue.

      3. The Magistrate Judge erred in rejecting petitioner's claim that plea counsel was ineffective for failing to file a motion to withdraw the guilty plea.

      The Magistrate Judge quoted at length from the record in his Report and Recommendation in discussing petitioner's argument that counsel was ineffective for failing to file a motion to withdraw the guilty plea. On this issue, it is petitioner's burden to prove that

plea counsel was ineffective. Specifically, petitioner was required to affirmatively demonstrate to the satisfactory of the PCRA court that he asked counsel to file a motion to withdraw his plea, that counsel ignored the request, and that petitioner suffered prejudice as a result. At the PCRA hearing, the Commonwealth called plea counsel as a witness, and he directly refuted petitioner's claim. Tr. Feb. 25, 2004, at 17-19. Plea counsel stated that he had no recollection of being asked by petitioner to file a motion to withdraw guilty plea, or a direct appeal, but he would have done so if asked. *Id.* This Court concludes on that evidence, and the balance of the record on this issue, that petitioner has not met his burden of proof of establishing that his attorney's representation fell well-below an objective standard of reasonableness. Thus, petitioner's third objection is overruled.

### IV. CONCLUSION

For all of the foregoing reasons, Petitioner's Objections to the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated November 30, 2006, are overruled and the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport is approved and adopted. The Petition for Writ of Habeas Corpus is denied with prejudice without an evidentiary hearing. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
              **JAN E. DUBOIS, J.**